UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOOKMIN BANK CO., LTD., in its capacity as trustee of KTB CRE DEBT FUND NO. 8, a Korean Investment Trust, by its agent in Korea DAOL FUND MANAGEMENT CO. and by its, agent in United States, REXMARK HOLDINGS LLC d/b/a REXMARK<br><br>         Plaintiff,<br><br>v.<br><br>BEN ASHKENAZY,<br><br>         Defendant. | Case No. |

## NOTICE OF REMOVAL

   Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ben Ashkenazy ("Ashkenazy") removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. The grounds for removal are:

   1.  Plaintiff Kookmin Bank Co. Ltd. ("Kookmin") commenced this action against Ashkenazy on July 1, 2022 by filing a summons (the "Summons") and a complaint (the "Complaint") in the Supreme Court of the State of New York, County of New York, captioned *Kookmin Bank Co. Ltd., in its capacity as trustee of KTB CRE Debt Fund No. 8, a Korean Investment Trust, by its agent in Korea Daol Fund Management Co. and by its, agent in United States, Rexmark Holdings LLC d/b/a Rexmark v. Ben Ashkenazy*, Index No. 652362/2022. The Complaint alleges two counts of breach of contract. Ashkenazy has not been served with the Complaint, but obtained a copy through other channels. A copy of the Summons and the Complaint are attached hereto as Exhibit 1.

2. In the Complaint, Kookmin alleges that it "is a South Korean bank serving as the Trustee of KTB CRE Debt Fund No. 8 (i.e. the Trust), a South Korean investment trust." Complaint ¶ 3.

3. Thus, Kookmin is a citizen of the Republic of Korea.

4. Kookmin also alleges that Kookmin acts through two agents: Daol Fund, "[t]he Trust's agent in South Korea," and Rexmark Holdings LLC, "the Trust's agent in the United States." Complaint ¶ 3.

5. Ashkenazy is a citizen of the State of New York. Complaint ¶ 4.

6. The Court has jurisdiction over this case, as it is an action between a citizen of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(2). The amount in controversy alleged in the Complaint is at least $610 million. *See* Complaint at 24. This amount exceeds $75,000.

7. Kookmin is a citizen of the Republic of Korea, and Ashkenazy is a citizen of the State of New York. Thus, this is an action between a "citizen[] of a State and [a] citizen[] of a foreign state" for which this Court has original jurisdiction. *See* 28 U.S.C. § 1332(a)(2). Because Kookmin has filed suit in its capacity as trustee of a Korean investment trust, only its citizenship is relevant to determining diversity jurisdiction. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 732 (2d Cir. 2017) ("[T]rusts' citizenship is that of their respective trustees."); *see also Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (5th Cir. 2017) (in a suit against a bank in its capacity as trustee of a securitization trust, holding that the citizenship of the trustee is the "only citizenship" related to "determining diversity jurisdiction"). Likewise, the citizenship of "agents" of Kookmin is irrelevant to determining diversity jurisdiction, as "it is the citizenship of

2

the principal—not that of the agent—that controls for diversity purposes." *See Hilton Hotels Corp. v. Damornay Antiques, Inc.*, No. 99 CIV. 4883 (MBM), 1999 WL 959371, at *2 (S.D.N.Y. Oct. 20, 1999) (citing *Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995)). Thus, there is complete diversity between the parties.

8. Removal of this action is proper under 28 U.S.C. § 1441. Although that statute bars removal of a case based on diversity of citizenship if a defendant "is a citizen of the State in which such action is brought," that bar applies only when such a forum-state defendant has been "properly joined *and served*." See 28 U.S.C. § 1441(b)(2) (emphasis added). The Second Circuit has held that this so-called "forum defendant rule" does not prevent removal of a state-court action on diversity grounds before a forum-state defendant has been served. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) (the forum defendant rule does not prevent removal before service on the home-state defendant); *see also Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (same). Ashkenazy has not yet been served.

9. Removal also is timely and proper under 28 U.S.C. § 1446. Specifically, § 1446(b)(1) requires a defendant to remove within 30 days of receiving service. Because Ashkenazy has not been served, Ashkenazy's removal to this Court is timely.

10. Section 1446(a) requires the attachment of all process, pleadings, and orders served upon the removing defendant in the State action. Because Ashkenazy has not been served, no attachments are required under Section 1446(a). Nevertheless, the State court summons and complaint, which constitute all filings in the State court action, are attached as Exhibit 1.

11. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on the plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

12. With this removal, Ashkenazy does not waive any defense, including but not limited to insufficient service of process. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses.").

THEREFORE, Ashkenazy removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
July 7, 2022

KASOWITZ BENSON TORRES LLP

/s/ *David E. Ross*
David E. Ross
David J. Mark
Daniel J. Koevary
1633 Broadway
New York, NY 10019
Tel. (212) 506-1700
Fax (212) 506-1800
dross@kasowitz.com
dmark@kasowitz.com
dkoevary@kasowitz.com

*Attorneys for Ben Ashkenazy*

# **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on July 7, 2022, the foregoing document was served via e-mail (without exhibits) on the parties to the New York Supreme Court action, as indicated below. They have been informed that exhibits are available by contacting the undersigned counsel.

Y. David Scharf
MORRISON COHEN LLP
909 Third Avenue
27th Floor
New York, NY 10022

*Counsel for Plaintiff Kookmin Bank Co. Ltd.*

                                        KASOWITZ BENSON TORRES LLP

                                        */s/ David E. Ross*
                                        David E. Ross, Esq.