M9DPKOOM

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
     KOOKMIN BANK CO., LTD.,
 3
                    Plaintiff,
 4
            v.                            22 CV 05602 (GHW)
 5
     BEN ASHKENAZY,
 6
                    Defendant.
 7   ------------------------------x
     DAOL REXMARK UNION STATION, LLC,
 8   KOOKMIN BANK CO., LTD.,
 9                  Plaintiffs,
10          v.                            22 CV 06649 (GHW)
11   UNION STATION SOLE MEMBER,
     LLC,
12
                    Defendant.
13   ------------------------------x
                                         New York, N.Y.
14                                       September 13, 2022
                                         3:04 p.m.
15
     Before:
16
                        HON. GREGORY H. WOODS,
17
                                         District Judge
18
                    APPEARANCES VIA TELECONFERENCE
19
     MORRISON COHEN, LLP
20        Attorneys for Plaintiff
     BY:  Y. DAVID SCHARF
21        AMBER R. WILL
22   KASOWITZ BENSON TORRES LLP
          Attorneys for Defendant
23   BY:  ANDREW W. BRELAND
          DANIEL J. KOEVARY
24        DAVID J. MARK
          DAVID E. ROSS
25

M9DPKOOM

1          (The Court and all parties appearing via

2     teleconference)

3          (Case called)

4          THE COURT:  Let me start by taking appearances of the

5     parties.  There are two cases for which we are holding

6     simultaneous initial pretrial conferences today, the first is

7     22CV5802, the second is 22CV6649.  I'm going to ask for the

8     plaintiff and defendant's counsel to announce their appearances

9     separately in each of the two matters.

10         In each case I'm going to ask the principal

11    spokesperson for each side to identify him or herself and the

12    members of her team, rather than having each lawyer introduce

13    themselves individually.

14         Let me start with 5082.  Who's on the line for

15    plaintiff?

16         MS. WILL:  For plaintiff, it's Amber Will and Y. David

17    Scharf from Morrison and Cohen.

18         THE COURT:  Thank you.

19         And who's on the line for defendant?

20         MR. ROSS:  For defendants, your Honor, David Ross from

21    Kasowitz Benson Torres, and with me are David Mark, Daniel

22    Koevary and Andrew Breland.

23         THE COURT:  Thank you.

24         Turning to 6649, who's on the line for plaintiffs?

25         MS. WILL:  For plaintiffs, it's Amber Will and

M9DPKOOM

1    Y. David Scharf from Morrison Cohen.

2            THE COURT:  Thank you.

3            Who's on the line for defendants?

4            MR. ROSS:  For defendants, David Ross, David Mark,

5    Daniel Koevary and Andrew Breland.

6            THE COURT:  Very good.  So let me begin with a few

7    brief instructions I'd like the parties to follow here.  First,

8    please remember that this is a public proceeding.  Any member

9    of the public or press is welcome to dial in to this

10   conference.  I'm not presently auditing whether third parties

11   are listening in, but it's possible; so I just ask that you

12   keep that fact in mind.

13           Second.  Please state your name each time that you

14   speak.  You should do that regardless of whether or not you've

15   spoken previously.

16           Third.  Please keep your lines on mute at all times

17   except when you're speaking to me or your adversary.

18           Fourth.  Please abide by instructions from our court

19   reporter that are designed to help her do her job.

20           And finally, I'm ordering that there not be any

21   recording or rebroadcast of all or any portion of today's

22   conference.

23           So, counsel, with that out of the way, let me turn to

24   my agenda for each of the two proceedings.  First, I'm going to

25   give the parties the opportunity to describe any legal or

M9DPKOOM

1    factual issues that you'd like to draw to my attention in

2    connection with respect to each of the two cases.

3          Second.  I hope to discuss the process that we'll be

4    using to litigate the case going forward.  To that end, I

5    expect to look to the parties' proposed case management plan

6    and scheduling orders as a framework for our conversation.  I

7    understand that there may be an application to stay discovery

8    pending resolution for the anticipated motion to dismiss.  In

9    what I'll describe as the Ashkenazy matter, I will hear

10   argument with respect to that issue.

11         And finally, I hope to discuss what, if anything, I

12   can do to help facilitate an amicable resolution to the case.

13         So with that out of the way, let me begin with counsel

14   for plaintiffs in each of the two cases.  I welcome any

15   comments about the nature of each of the two cases that you'd

16   like to share.  Counsel, please proceed.

17         MS. WILL:  Thank you, your Honor.  The only issue that

18   we would like -- this is Amber Will, apologies, Morrison Cohen

19   for plaintiffs.

20         The only issue that we would like to bring to the

21   Court's attention is in the declaratory judgment case, which is

22   indexed at 6649, we believe that there is minimal, if any,

23   discovery that is required in that case to rule on the

24   contractual issues and the unambiguous provisions that were the

25   subject of the preliminary injunction hearing before this Court

M9DPKOOM

1    a few weeks ago.

2              With that, we expect that USSM, the defendant in this

3    case, is going to respond to the complaint later this week;

4    September 17th is the current deadline.  And because lender

5    does not anticipate needing discovery to prove its contractual

6    claims, it intends to file for summary judgment, or depending

7    on defendant's response to the complaint, at least partial

8    summary judgment on the declaratory judgment claims.

9              And I believe that is all that we wanted to bring

10   attention to the Court.

11             THE COURT:  Good.  Thank you.  I'll come back to the

12   nature and extent of discovery in the second part of the call,

13   but thank you for that.

14             Let me turn to counsel for defendants.  Is there

15   anything that you'd like to tell me about each of the two

16   matters?

17             MR. ROSS:  Yes, your Honor.  David Ross.  First, with

18   the respect to the Ben Ashkenazy matter, as your Honor

19   previewed and we discussed last week on Thursday when we had a

20   pre-motion conference, we do intend to move to dismiss the

21   complaint in its entirety on the bases that we set forth for

22   your Honor last week and in writing.

23             And we believe that the grounds that we've set forth

24   are not only compelling, but they would dispose completely of

25   the case, if we are correct with respect to the various

M9DPKOOM

1    arguments that we laid out.  And because your Honor's decision

2    in that regard could either eliminate the case in its entirety

3    or substantially cut down on the scope of what is at issue in

4    the case, we do think that there should be a stay of discovery.

5           And would your Honor like me to go into that now, or

6    is that part two, in your view?

7           THE COURT:  Thank you.  That's part two, but I'm happy

8    to segue to it.  Please, go ahead.

9           MR. ROSS:  All right.  So, your Honor, the reason why

10   we think that discovery should be stayed is because, first of

11   all, there are typically three parts to the standard for

12   establishing good cause for a stay.  The first is in one

13   measure or another, either the strength of the motion or the

14   weakness of the pleadings and however you look at it, we think

15   that we have very significant grounds, alternative grounds that

16   I went through last Thursday.  So I think we meet the

17   requirement, the first prong of the requirement at least, as

18   having a very significant likelihood of partial or total

19   success.

20          The second relates to the burden of discovery, and in

21   this particular case, I guess we don't have the discovery in

22   front of us yet, but the point that I made before, which is

23   that the scope of discovery with respect to the issues

24   regarding alleged wrongful acts by my client, communications

25   with third parties, I don't know whether plaintiff would or

M9DPKOOM

1   would not seek third-party discovery, but depending upon their

2   case and our responsive pleadings, it's possible that there

3   could be third-party discovery.

4           There is, obviously, the potential for expert damages,

5   according to the plaintiff.  They want $560 million from

6   Mr. Ashkenazy under various theories, and they also say they're

7   going to call an expert -- one or more experts with respect to

8   damages.

9           Obviously, we'd be taking discovery with respect to

10  these claimed bad acts with respect to the causation damages

11  and other issues related to the case.  And if your Honor finds

12  that there are ambiguities, we don't expect that, but if you

13  were to find that, then that could give rise to discovery of

14  fact witnesses with respect to the drafting of the guarantee

15  provisions in the case.  So we think there is a potential for

16  substantial discovery, which I think is the second part of the

17  test.

18          The third is whether there's prejudice to the opposing

19  party and, of course, every plaintiff wants to get to their

20  results quickly, but again, this is a potentially huge claim

21  and the briefing right now would end on October 20th under the

22  outside date for the briefing.  So no pressure on your Honor as

23  to how quickly you would take to decide the motion, but from my

24  experience, your Honor is very efficient, and it likely

25  wouldn't be a lengthy period of time.

M9DPKOOM

1          So I think that we meet the requirements that are

2     typically recognized by this Court for the granting of a

3     relatively short stay of disclosure.

4          I would then go over to the other matter, your Honor,

5     if you'd like me to do so.

6          THE COURT:  Thank you.  Just go ahead.

7          MR. ROSS:  All right.  With respect to the other case,

8     captioned No. 6649, I understand Ms. Will -- that they're

9     planning to move for partial or total summary judgment right

10     off the bat.

11          Just a housekeeping matter, your Honor.  Ms. Will

12     noted that our answer -- your Honor put our answer date on for

13     this coming Saturday, the 17th, and I don't think it was

14     intentional on your part, unless you tell us otherwise, but it

15     fell on a Saturday, and we would just ask that your Honor

16     extend that date until Monday.  Because it was a court order,

17     we can't just assume that one goes to the next calendar date

18     when there's an order in place.  So that's just --

19          THE COURT:  That's fine, that's fine.  So ordered.

20          MR. ROSS:  Thank you, your Honor.

21          With respect to the substance, we intend to assert

22     affirmative defenses, equitable defenses and potentially

23     counterclaims.  We think that we're entitled to discovery with

24     respect to the actual substance of the complaint, with respect

25     to the foreclosure, and how it was accomplished with respect to

M9DPKOOM

1    DAOL's standing and other issues that are alleged in the

2    complaint, as well as, as I said, equitable defenses that we

3    would assert in this equitable declaratory judgment case.

4            So I can't say for sure until I saw the partial

5    summary judgment motion that might be made, but I'm confident

6    that we will take the position -- I'm confident that it's

7    likely that we would take the position that it would be

8    premature, until we've had our chance to accomplish discovery,

9    for that motion to be made.

10           The parties agreed on a relatively short and efficient

11   schedule in this case, as opposed to the Ashkenazy case where

12   we had completing schedules.  But in the Union Station Sole

13   Member case, as a defendant, we have a fairly quick and

14   efficient schedule that was agreed to.

15           I think plaintiff implicitly recognized that discovery

16   would take place.  I guess they want to move for summary

17   judgment at the same time as we're conducting discovery, and as

18   I said, we think that that's ill advised in this particular

19   case since it can all be done in a matter of four or five

20   months.

21           THE COURT:  Thank you.  Let me ask a short question.

22   Counsel for plaintiff thought that discovery with respect to

23   the declaratory judgment action would be relatively concise.

24   What I'm curious about, and I welcome any comment, is the

25   extent to which a broader scope of discovery with respect to

M9DPKOOM

1    the declaratory judgment action, whether in support of

2    equitable defenses or otherwise, would result in discovery that

3    would potentially sweep within its breadth the kind of

4    discovery that plaintiff wishes to take in the Ashkenazy

5    matter.

6            So basic question is, given the parties' views of the

7    potential breadth of the discovery in the Sole Member case, how

8    does that affect the arguments with respect to the application

9    for a stay?

10           To put it more simply, if the information is going to

11   be sought from Ashkenazy in the Sole Member case, what's the

12   value of the stay?  I'll start with defense counsel.  Counsel?

13           MR. ROSS:  Your Honor, if I read the submission from

14   the plaintiff and what Ms. Will said earlier on this call, I

15   understood them to say that they don't need any discovery in

16   the case, in the declaratory judgment case.

17           So as I understand it, their position is they're ready

18   to rock and roll.  It's our discovery which would require time

19   in connection with their potential summary judgment motion.  I

20   didn't understand them to be saying they need any discovery.

21           THE COURT:  Thank you.  Good.

22           Let me turn back to counsel for plaintiff.  Counsel, I

23   welcome any arguments in response to the application for a stay

24   of discovery in the Ashkenazy matter.  Tell me what, if any,

25   discovery you think is appropriate with respect to that case

M9DPKOOM

before you begin a discussion of the relevant factors, which I

think counsel for defendants accurately described it.  Counsel?

MS. WILL:  Thank you, your Honor.  The discovery in

the Ashkenazy case we believe would be fairly limited,

especially since the interference allegations take place in

2022, primarily within the last six months or so.  So we are

talking about a very limited time period in which discovery

would reveal documents and communications that would support

plaintiffs' claims in this case.

The interference and the obstructionist actions we

would be looking at in discovery, would be communications that

plaintiff had -- or defendant had with JLL, the property

management company, directions that defendant had made to other

third parties, including Amtrak, including the landlord of

Union Station, including other parties that we may not know of,

that really highlight their position that they interfered with

lender's exercise of rights.

That includes lender's ability to foreclose on the

mezzanine loan, as well as the other exercise of rights under

the pledge and security agreement.  Now, while that involves

some limited third-party communications, again, it's a very

limited time period here with approximately six to eight months

or so of documents and communications that would be the focus

of discovery.  Because it is such a limited scope, we don't

think that the burden would be all that great.

M9DPKOOM

1          In plaintiff's complaint, specifically, there are

2     allegations that were upon information and belief because they

3     were communications that we had learned about from third

4     parties, but we know defendant had directly with those third

5     parties; so we do have not have access to that information

6     without discovery.

7          THE COURT:  Thank you.  I raise the specter of this

8     issue during our last conference.  The question about they may

9     implicate advice of counsel or other defense, what's your

10    expectation, counsel for plaintiff?  Will discovery in

11    connection with the Ashkenazy matter potentially raise such

12    issues?

13         MS. WILL:  Your Honor, if Ashkenazy raises the advice

14    of counsel as a defense and the recourse action, then our

15    position is that the attorney-client privilege would be waived,

16    and we would be able to access attorney communications with

17    defendant in discovery.  But we do not know whether defendant

18    is raising that defense at this time.

19         THE COURT:  Thank you.  Good.  Thank you very much.

20         So what's your view regarding the defendant's

21    application for a stay?

22         MS. WILL:  Thank you, your Honor.  We disagree that a

23    stay is necessary in this case.  In Federal Court, typically

24    discovery continues pending dispositive motions, especially for

25    dispositive motions on a failure to state a claim.

M9DPKOOM

1          As we addressed in the conference last week, lender

2    has challenges to each of defendants' arguments as to why the

3    claims should be dismissed, and we think those challenges are

4    meritorious.  That the complaint plausibly alleges that

5    Mr. Ashkenazy, or the borrower, in either of the loan documents

6    triggered springing recourse events or loss recourse events.

7          This would make Mr. Ashkenazy personally responsible,

8    under the guarantees of each of the loans, and we believe that

9    the complaint adequately alleges that willful misconduct, that

10   interference, and that obstruction by Mr. Ashkenazy to be able

11   to survive any motion to dismiss that will be filed, I believe,

12   next week, by September 22nd.

13         In regards to, again, the breadth of discovery sought,

14   defendant had said that the scope would be focused on

15   third-party discovery, it could involve all of the wrongful

16   acts, there are expert damages and things like that.  But

17   again, as I just mentioned, the scope of discovery is very

18   limited in time period and that should ease any burden on

19   defendants.  And because there is a greater chance that the

20   motion to dismiss will not dismiss all of the claims at issue

21   here, discovery should push forward and continue.

22         In response to prejudice, although there is a briefing

23   schedule on the motion to dismiss, there is no reason to delay

24   discovery when we would only be pushing it back, you know, four

25   or five months, depending on when the Court can rule on the

M9DPKOOM

1    motion to dismiss.

2             Because lender believes that it has meritorious claims

3    and expects to vigorously challenge the pending motion to

4    dismiss, we do not believe that defendant has met its burden to

5    show good cause to stay discovery in this case.

6             THE COURT:  Good.  Thank you very much.  So when

7    considering the arguments with respect to the application to

8    stay, counsel for plaintiffs, I'll give you a moment to respond

9    to any other comments made by defendants as far as the scope of

10   discovery before I turn back to defense counsel for any reply

11   to your arguments.  Counsel, anything else from plaintiffs?

12            MS. WILL:  The only other thing I wanted to add, your

13   Honor, is that in regards to the two pending cases and possible

14   overlap of discovery, lender does not anticipate that the

15   discovery in the recourse action would overlap with any

16   discovery in the declaratory judgment case.

17            In particular, as defendant had kind of assumed,

18   lender believes that the contracts and the contractual language

19   is very clear in the declaratory judgment action and that

20   lender does not need discovery to prove its claims.  And that

21   is why we would be seeking partial summary judgment or summary

22   judgment depending on what the responsive pleading is on the

23   claims in the declaratory judgment action.

24            THE COURT:  Thank you.  Before I turn to counsel for

25   defendant, just counsel for plaintiff, with respect to the

M9DPKOOM

1    third consideration highlighted by counsel for defendant,

2    namely prejudice to any party opposing the stay, apart from the

3    fact of potential delay, are there any other concerns that you

4    point me to to show that plaintiffs would be prejudiced in the

5    event of the stay.

6            MS. WILL:  No, your Honor.

7            THE COURT:  Thank you.

8            Counsel for defendants, any response to the arguments

9    presented by counsel?

10           MR. ROSS:  Just briefly, your Honor.  David Ross.

11           With respect to the second factor involving the extent

12   of discovery, I don't think that the fact that there is an

13   eight months -- six or eight-month period necessarily means

14   that the discovery won't be extensive or burdensome.

15           So the fact that it doesn't cover a ten-year period

16   sometimes matters, but the fact that it may cover intensely a

17   shorter period doesn't necessarily mean that it won't be

18   substantial.

19           Other than that, your Honor, I think I have addressed

20   all of the points, and I have nothing further.

21           THE COURT:  Thank you.  Bear with me for just a moment

22   while I consider your arguments.

23           (Pause)

24           Good.  Thank you very much.  Counsel, thank you for

25   your indulgence as I was considering the arguments presented by

M9DPKOOM

1    the parties.

2              So counsel for defendants accurately summarized the

3    governing law with respect to the question of whether or not

4    the Court should impose a stay under these circumstances.

5              Counsel for plaintiffs aptly elaborated on the

6    standard as well.  Let me just briefly outline it.  As counsel

7    for plaintiff noted, a motion to dismiss does not automatically

8    stay discovery in Federal Court except in cases, for example,

9    covered by the Private Securities Litigation Reform Act, which

10   this is not.

11             As a result, discovery is not routinely stayed simply

12   on a basis that a motion to dismiss has been filed in this

13   court.  However, upon a showing of good cause, a District Court

14   has considerable discretion to stay discovery pursuant to

15   Federal Rule of Civil Procedure 26(c).  In determining whether

16   good cause exists, courts consider a number of factors.  Among

17   them.  "One.  Whether a defendant has made a strong showing

18   that the plaintiff's claim is unmeritorious; two, the breadth

19   of discovery and the burden of responding to it; and, three,

20   the risk of unfair prejudice to the party opposing the stay."

21   That's a quotation from *Trustees of New York City District*

22   *Council of Carpenters Pension Fund v. Showtime on Piers, LLC*, a

23   2019 decision by my colleague, Judge Caproni, at 2019 in

24   Westlaw 6912282 at star one (SDNY, December 19, 2019).

25             So having considered all of those factors, I believe

M9DPKOOM

1    that there is good cause to enter a stay pending a briefing and

2    resolution of the anticipated motion to dismiss.  Let me just

3    say a few brief words about the reasons why.

4          First, I'm not going to take a position now regarding

5    the strength of the motion as a whole.  Defendants have made a

6    number or arguments regarding the viability of plaintiff's

7    claims.  They vary in nature.  I'll simply say that with

8    respect to the motion, were it to be fully successful, it could

9    result in dismissal of the action as a whole.  Were it

10   partially successful, it might result in limitation in the

11   scope of discovery that's to be conducted here.  So I think

12   that the first factor weighs moderately in favor of granting

13   the stay for those reasons.

14         Here, I appreciate plaintiff's arguments that the

15   duration of time at issue here is relatively brief.  It does,

16   however, involve third-party discovery and, I expect, may raise

17   substantial discovery issues as parties explore the mental

18   state of Mr. Ashkenazy as he was taking the steps that

19   plaintiff alleges to have been made in bad faith.

20         So I think that the burden of responding to this

21   discovery, not only on the parties but also on the third-party

22   respondents, is significant, and I take into consideration the

23   burden on those third parties.  And, in particular, given the

24   circumstances on the ground, as I understand them to be, at

25   Union Station; namely, otherwise fraught.  And as a result, I

M9DPKOOM

```
 1    think that the incremental burden may be even more problematic.

 2            With respect to the risk of unfair prejudice to the

 3    party opposing the stay, I don't think that there's substantial

 4    prejudice to plaintiffs as a result of a stay.  Let me say that

 5    my assumption is that defendants and their counsel have put in

 6    place appropriate litigation holds with respect to any

 7    information that is potentially discoverable in this case.

 8    I'll give you the opportunity to correct that assumption,

 9    counsel, if I'm wrong, but I think that a relatively,

10    hopefully, short delay in discovery in this case will not

11    result in substantial prejudice.

12            I'm not aware of any actor, and the plaintiffs do not

13    contest that there is any, apart from the temporal delay, for

14    example, no concerns regarding Mr. Ashkenazy's ability to make

15    good on a potential guarantee obligation, should it be

16    triggered.  And so, as a result, I don't think that the risk of

17    unfair prejudice weighs so heavily as to weigh against a

18    finding of good cause for the imposition of a stay here, given

19    the weight in favor of the stay that I accord to factors with

20    one and two.

21            So I'm granting the defendant's application here, and

22    I will try to get to this promptly after it is resolved.

23            I should say one other thing, and I apologize about

24    this.  I should have mentioned it as we were talking about the

25    factor two, but this is a consideration.  Counsel noted the
```

M9DPKOOM

1    possibility that the Court might find that the contract at

2    issue is at least in part ambiguous.

3         I understand that argument to be an allusion back to

4    the use of the term "custodian" in the contract as we discussed

5    it back on Thursday.  In the event that I were to conclude that

6    the contract is ambiguous, discovery may require exploration of

7    the parties' understanding that the meaning of the contract at

8    the time of its formation, and as a result, discovery would be

9    substantially broader potentially than is anticipated on the

10   assumption that I find the contract to be unambiguous.

11        That fact also weighed in my assessment of the

12   relevant factors.  I apologize for not mentioning it as I went

13   through them earlier, but in sum, having considered all of the

14   relevant factors, I find that there is good cause to stay

15   discovery pending briefing and decision on the anticipated

16   motion to dismiss in the Ashkenazy matter.

17        Good.  So I'll enter an order to that effect.

18        Let's talk now about the second case.  I'm not going

19   to spend -- which I'm going to refer to as the declaratory

20   judgment action.  I appreciate that the parties have talked

21   about the scope of discovery in the case.  I've reviewed your

22   proposed case management plan and scheduling order.  My

23   expectation is going to be that when I set a series of

24   deadlines in this case management plan and scheduling order,

25   that the parties will meet them.

M9DPKOOM

1            So let me just inquire.  Is there anything that you'd

2    like to share with me that might inform my judgment of whether

3    or not these deadlines are reasonable?  I've looked at them.  I

4    think that, working very hard, you should be able to meet them,

5    but I just want you to understand that when I do set these

6    deadlines, I will expect you to meet them.  So I want to make

7    sure that you've fully contemplated all of the work that you'll

8    need to do before I set deadlines.

9            So counsel for plaintiff, with that in mind, what are

10   your expectations for the conduct of discovery here,

11   understanding the desire to file an early summary judgment

12   motion?  And again, my principal reason for even asking is to

13   make sure that the amount of time that the parties have

14   afforded themselves is sufficient.  Counsel for plaintiffs?

15           MS. WILL:  Thank you, your Honor.  Again, lender does

16   not believe that we need discovery to support our claims.

17   We'll reserve any argument as to whether discovery is needed on

18   the defenses or any of the other affirmative allegations that

19   defendant makes in its responsive pleadings.

20           But on the declaratory judgment claims themselves, we

21   believe that the schedule as set is satisfactory and can be

22   met, based on plaintiff's understanding of the case and the

23   facts at issue.

24           THE COURT:  Good.  Thank you.

25           Counsel for defendants, let me hear from you.  What

M9DPKOOM

1    are your expectations for the context of discovery here, and is

2    there anything that I should know now before establishing these

3    deadlines for completion of discovery in the case?

4           MR. ROSS:  David Ross, your Honor.  We accepted the

5    dates that plaintiff proposed here.  Though, we do believe that

6    they are aggressive, and it would not shock us if we had to

7    come back to your Honor for some extension merely to complete

8    them.

9           Even with everybody working hard and diligently and in

10   good faith, as we expect everyone to do, one thing we didn't

11   build in, your Honor, is what impact there would be if we also

12   need to fully brief a summary judgment motion, a rule 56.1

13   statement.  And we know your Honor is very, very careful about

14   those documents, and so we know it's a lot of work.

15          So it's possible, if they do proceed with a full-blown

16   summary judgment motion, that could impact the schedule,

17   notwithstanding everybody working hard.  So that's what I'd

18   like your Honor to know.

19          THE COURT:  Thank you.  So I'm happy to talk now about

20   a modification to the proposed schedule.  My goal now, more

21   than anything else, is to set a schedule that the parties think

22   they can meet without the need for an extension, taking into

23   account the kind of contingencies that you've described.

24          Do you have a proposal regarding potential

25   modifications to the schedule with those concerns and any

M9DPKOOM

1    others that you may wish to take into account in mind?

2             MR. ROSS:  Your Honor, David Ross.  Should we assume

3    that they are making their summary judgment motion and that

4    will proceed in parallel?

5             THE COURT:  Based on what I've heard from counsel for

6    plaintiff, yes, that sounds like a sound assumption.

7             MR. ROSS:  Then, your Honor, what I'd suggest -- this

8    is completely off the cuff because I haven't tried to go

9    directly point by point, but I would say, extending the cutoffs

10   by two to three months would make it far more likely that we

11   would hit the targets.

12            THE COURT:  Counsel for plaintiffs, what do you think?

13   I'm going to construe that as a request for extension of the

14   deadline for completion of fact discovery, as well as

15   completion for expert discovery, by about two months.  That

16   would result in modifications to paragraphs 7A, 7E, and 7F, as

17   well as paragraph 10, as the parties have proposed it.

18            I'm going to talk in a moment about the expert

19   discovery deadline, but it would not change the deadline for

20   the initial round for request for production and

21   interrogatories, and 26A disclosure.  What's your view?

22            MS. WILL:  Thank you, your Honor.  Plaintiff, when

23   proposing the dates that are in the case management plan,

24   anticipated making a summary judgment motion based on the

25   pleadings and the clear contractual language.

M9DPKOOM

1          So we think that the dates as proposed are meetable,

2     even with the counterclaims and defenses that might be brought

3     by defendants.

4          THE COURT:  Thank you.

5          I think that defendant's request for an extension of

6     the deadlines is sound.  First, the deadlines that the parties

7     proposed is a month shorter than what I would describe as the

8     default amount of time provided for in my individual rules,

9     which is itself relatively quick.

10          This is a case of certainly more value, if not

11     necessarily more complexity, than others; so I think a time

12     period at least as long as the default is appropriate.  Given

13     that the scope of discovery here may be relatively broad, and

14     given that my expectation is that the parties will meet these

15     deadlines once established, I think it is prudent to add an

16     amount of time of the schedule along the lines proposed by

17     counsel for defendants so that you can meet them.

18          So let me turn to the question of expert discovery.

19     Counsel, the parties have not provided deadlines for expert

20     discovery here.  My inclination is to add deadlines for expert

21     discovery even if you don't think that there will be any.  I

22     would have expert discovery be due on the same day as the close

23     of fact discovery, and I would have party proponent and party

24     opponent disclosure due four and six weeks respectively prior

25     to that date.  I think that would be beneficial because there

M9DPKOOM

1    would be a clear date by which decisions about whether or not

2    experts will be used must be made.

3            So let me hear from each of you about your

4    expectations for the use of experts, and whether the proposed

5    addition of a deadline for experts discovery, consistent with

6    what I just described, would be appropriate.

7            Counsel, first, for plaintiff?

8            MS. WILL:  Thank you, your Honor.  Lender has no

9    expectation to need discovery for experts, any kind of reports

10   for its case in chief.  Again, not knowing what defendants are

11   going to raise in their responsive pleadings, we do not know if

12   an expert would be necessary to respond to those allegations or

13   counterclaims.

14           THE COURT:  Good.  Thank you.

15           Let me just make one brief comment based on just a

16   stray element in that sentence, which is not expecting any

17   reports.  I just remind the parties that whether or not

18   somebody is an expert will be driven by the nature of their

19   testimony, that is, by whether or not the testimony follows in

20   the scope of rule 702.

21           As a result, regardless of whether or not the expert

22   is one that is required to provide a report or instead is one

23   that is not required to provide a report, I would still

24   categorize that testimony as expert testimony, and I still say

25   that disclosures would be required with respect to them.

M9DPKOOM

1          So I just wanted to latch onto that one set of words

2     to remind the parties that expert testimony can come in the

3     form of things that do not require reports, particularly if

4     it's expert testimony of somebody that has not been specially

5     retained.

6          So, counsel, with that clarification, counsel for

7     plaintiffs, any other thoughts about the need for expert

8     testimony in the case?

9          MS. WILL:  Thank you, your Honor.  Our answer is the

10     same whether it is an expert that is required to enter a report

11     or an expert categorized by other means.  Lender does not

12     expect that we would need an expert to support its case in

13     chief.

14          THE COURT:  Good.  Thank you.

15          Counsel for defendants, let me hear from you about the

16     need for experts here.

17          MR. ROSS:  Thank you, your Honor.  David Ross.  The

18     answer is we don't know at this time.  And I'm not sure, but I

19     think that what your Honor has proposed is prudent in that we

20     can, with the extensions that you've talked about and the

21     concept that you laid out about the timing, I think that is

22     reasonable and makes sense to provide for it.

23          THE COURT:  Very good.  Thank you.

24          So let's do this.  So I'm going to enter the parties'

25     proposed case management plan and scheduling order with the

M9DPKOOM

1    following modifications:  First, the fact discovery deadline

2    will be approximately 60 days later than the parties proposed;

3    so sometime in mid-February 2023.

4         The deadlines in paragraphs 7E and F will be changed.

5    The deadline to complete depositions will be approximately

6    three weeks prior to the close of fact discovery.

7         The deadline for request to admit will be

8    approximately 30 days prior to the close of fact discovery.  I

9    note that with respect to that, I'm changing the lag between

10   the date of service and the close of fact discovery so that it

11   is 30 days between the service of the requests to admit and the

12   close of fact discovery.  That's because I view requests to

13   admit as a fact discovery tool.

14        The Court will add deadlines to paragraph 8.

15        The deadline for the completion of expert discovery

16   will be the same as the deadline for completion of fact

17   discovery.

18        Party proponent disclosures will be due no later than

19   the date that is six weeks prior to the close of discovery.

20        Party opponent disclosures will be due no later than

21   four weeks prior to that date.

22        And I'll push back the date for motions for summary

23   judgment in paragraph 10 to approximately 60 days after the

24   date that the parties initially proposed.

25        Let me just say a few brief words about the case

M9DPKOOM

1  management plan and scheduling order, and then I'll come back

2  and comment briefly about the proposed motion for summary

3  judgment.

4  First.  These are real deadlines; so keep in mind that

5  these are real deadlines.  We just worked to extend the

6  deadlines so that I can tell you that they are real deadlines.

7  They are real deadlines.  They are deadlines for completion of

8  discovery; so please keep that in mind.

9  The case management plan and scheduling order

10  specifically says that these are deadlines for completion of

11  discovery.  It uses the word "completed" when it refers to the

12  deadline for completion of fact and expert discovery.  That's

13  an intentional choice of words.  It reflects my expectation

14  that discovery will, indeed, be completed by those dates.  In

15  other words, that there won't be more after those dates.

16  You can extrapolate all the corollaries from that rule

17  yourselves, but I just want to highlight a couple of them.

18  First off, to the extent that there are any disputes

19  about the adequacy or timeliness of any discovery responses,

20  please bring them to my attention promptly so that I can help

21  you resolve them.

22  (Technical interruption in proceedings.)

23  Do not sit on or hoard discovery disputes with the

24  expectation that I'll add time to the discovery period to allow

25  you to litigate outstanding discovery disputes.  To the

M9DPKOOM

1    contrary.  My expectation is that discovery will be completed

2    by that date.  It is not the date on which we will begin

3    litigation about the substance of discovery disputes.

4           So if you sit on or hoard discovery disputes until

5    late in, much less after, the close of discovery, you should

6    not expect that I will take action to compel the production of

7    those materials.  You may instead find that I will conclude

8    that you have waived the opportunity to seek such discovery

9    under the auspices of the Court's scheduling order.

10          Second.  The parties should keep in mind that these

11   are real deadlines.  That's a fact that you should contemplate

12   as you're scheduling your discovery protocols.  If you were to

13   wait, for example, to take a deposition late in the discovery

14   period, you'd have less time to conduct follow-up discovery.

15          So just to put it very simply, keep in mind the fact

16   that these are real deadlines.  If you wait to make a request

17   for information or to take a deposition, you'll have less time

18   to do anything with the information that you may learn.

19          Next.  The deadlines in paragraph 8C are worthy of

20   particular note.  That paragraph requires that you provide all

21   of the disclosures required by rule 26(a)(2) by the deadlines

22   that are specified there.  If you fail to provide all of the

23   disclosures required under rule 26(a) by those dates, you can

24   expect that your expert will not be permitted to provide

25   testimony or other evidence in the case.

M9DPKOOM

1    I reminded you earlier that there is a distinction

2    between report-giving experts and experts who are not required

3    to provide reports.  Please think carefully about two things in

4    advance of the deadlines that are specified in paragraph 8C:

5    A, whether you, indeed, need or want to present expert

6    testimony in the case; and, B, consider what the nature is of

7    the disclosures required for the relevant expert, keeping in

8    mind again that even experts who are not specially retained

9    must provide disclosure under rule 26(a)(2).

10    I'll grant extensions of these deadlines but only for

11    good cause shown.  At the heart of a showing of good cause is a

12    showing of diligence; so keep that fact in mind as you make

13    professional judgments about the amount of resources that you

14    want to invest in the case.  And if you choose to invest less

15    time or energy in the case than you would prefer, you should

16    not find that I will deal with your grounded decision that you

17    have shown good cause for an extension of the deadlines in that

18    failure.  You must show diligence.  As a result, the mere

19    agreement by the parties that the extension would be helpful

20    but may not be sufficient to support a finding of good cause.

21    You should factor, in fact, expect that it will not.

22    By the same token, remember that my expectation is, my

23    hope is, that the parties will work to settle the case

24    amicably.  That work should be happening in parallel with your

25    efforts to litigate the case.  To put it simply, the fact that

M9DPKOOM

1   the parties may working to amicably resolve the case or

2   bringing some other substantive motion, those things don't stay

3   discovery.  So you must continue to do the work we did in order

4   to meet the discovery deadlines in parallel with those other

5   efforts.

6         Any requests for an extension of time must be made

7   timely, in accordance with my individual rules of practice and

8   the language in the case management plan and scheduling order.

9         So I'll enter this case management plan and scheduling

10  order with the changes that we just discussed.  It will govern

11  your conduct going forward.  I think that is all that I wanted

12  to say about the case management plan.

13        Counsel, is there anything -- Oh, there is one other

14  thing that I wanted to mention was rule 56(d).  I am happy to

15  see a motion or a letter requesting leave to file a motion for

16  summary judgment.  A pre-motion conference request letter

17  should be filed in accordance with my individual rules.  With

18  respect to any such motion, I'll make a determination after

19  I've received that letter as to whether or not a pre-motion

20  conference is required.

21        The one thing I just wanted to flag for counsel for

22  plaintiffs, given defendant's remarks, is just the existence of

23  rule 56(d), and I'd ask you to look at that and the case law in

24  the Second Circuit with respect to a party's indication of rule

25  56(d) in response to an early motion for summary judgment.  I

M9DPKOOM

1    just ask that you consider that, in light of counsel's comments

2    about their anticipated arguments against a motion for summary

3    judgment.

4            That's all I'll leave you with now.  It may be that

5    we'll want to talk about whether or not any potential

6    opposition to a summary judgment motion should be bifurcated in

7    the event that the defendants wish to raise 56(d) as a grounds

8    to oppose the motion.  That is, it may make sense to hear any

9    56(d) arguments and to see the affidavits submitted in support

10   of that before requiring the defendants to respond

11   substantively to the motion, given that those are very

12   different types of issues.  It might be efficient.

13           In any event, I just wanted to raise that.  We may or

14   may not discuss it further when we get to the timing of the

15   pre-motion conference with respect to an anticipated motion for

16   summary judgment on that issue.

17           Anything that I can do at this point to help the

18   parties resolve this case?  First, counsel for plaintiff?

19           MS. WILL:  No, your Honor, but thank you.  And we'll

20   come back to the Court if we think that there's going to be

21   anything that the Court can help us push forward with

22   settlement discussions.

23           THE COURT:  Very good.  Thank you very much.

24           Please do let me know if there's anything I can do.

25   I'd be happy to refer the parties to either our mediation

M9DPKOOM

1    program, which is excellent, or the assigned magistrate judge,

2    who is also excellent.  So please don't hesitate to come to me.

3        Just remember that it takes a little bit of time to

4    schedule a mediation.  It can take a little more time to

5    schedule a mediation session before the magistrate judge.  So

6    don't wait until the last possible minute to ask.

7        I encourage you to talk about the possibility of

8    resolving the case often.  As you all know, the litigation that

9    you're about to embark on is expensive and time consuming.  The

10   amounts at issue here, I understand, are potentially large.

11   All the more reason for the parties to work early to try to

12   come to some kind of mutual resolution of these issues to

13   save -- I'm sorry to say this, counsel -- all of the costs of

14   the litigation, which may be able to fuel settlement.  So I

15   hope that you'll keep that in mind as you are vigorously

16   representing your clients' interests otherwise.

17       That's all that I have.  Anything else before we

18   adjourn?  First, counsel for plaintiffs?

19       MS. WILL:  Nothing for us.  Thank you, your Honor.

20       THE COURT:  Thank you.

21       Counsel for defendants?

22       MR. ROSS:  No, your Honor.  Thank you very much.

23       THE COURT:  Very good.  Thank you all very much.  This

24   proceeding is adjourned.

25       (Adjourned)