UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

KOOKMIN BANK CO., LTD., in its capacity as Trustee of KTB CRE DEBT FUND NO. 8, a Korean Investment Trust, by its agent in Korea DAOL FUND MANAGEMENT CO. and by its Agent in United States, REXMARK HOLDINGS LLC d/b/a REXMARK

Plaintiff,

-against-

BEN ASHKENAZY,

Defendant.

Case No. 1:22-cv-05802-GHW

------------------------------------------------------------------ X

# DECLARATION OF MICHAEL REBIBO IN SUPPORT OF LENDER'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

1. I am the Founder and Managing Principal of Rexmark Holdings LLC d/b/a Rexmark ("Rexmark"), a real-estate-investment management firm focused on debt and equity investments throughout the United States and Europe. I make this declaration on behalf of Plaintiff Kookmin Bank Co., Ltd., in its capacity as trustee ("Kookmin" or "Trustee"), of KTB CRE Debt Fund No. 8, a Korean Investment Trust (the "Trust"). The Trust's agent in Korea is Daol Fund Management Co. ("Daol"), and the Trust's agent in United States is Rexmark (together with Union Station Sub, Trustee, the Trust, and Daol, "Lender").

2. This declaration is submitted in support of Lender's Opposition to Defendant Ben Ashkenazy's Motion to Dismiss the Amended Complaint (the "Motion"). I am over 18 years of age and have personal knowledge of the facts set forth herein.

3. The mortgage loan of an original principal amount of $330 million was entered into by Lender's predecessor-in-interest and Union Station Investco, LLC ("USI"). The terms of the

mortgage loan are documented in the Mortgage Loan Agreement. A true and correct copy of the Mortgage Loan Agreement, dated May 8, 2018, is incorporated by reference in the Amended Complaint of the above-captioned action ("Amended Complaint") and attached hereto as Exhibit A.

4. In conjunction with the Mortgage Loan Agreement, Defendant Ben Ashkenazy ("Ashkenazy") entered into a guaranty to unconditionally guarantee the payment and performance of certain obligations, including the recourse obligations of the mortgage borrower (USI). A true and correct copy of the Mortgage Loan Guaranty ("Mortgage Guaranty"), dated May 8, 2018, is incorporated by reference in the Amended Complaint and attached hereto as Exhibit B.

5. The mezzanine loan of an original principal amount of $100 million was entered into by Lender and Union Station Sole Member, LLC ("USSM"). The terms of the mezzanine loan are documented in the Mezz Loan Agreement. A true and correct copy of the Mezz Loan Agreement, dated May 8, 2018, is incorporated by reference in the Amended Complaint and attached hereto as Exhibit C.

6. In conjunction with the Mezz Loan Agreement, Ashkenazy entered into a guaranty to unconditionally guarantee the payment and performance of certain obligations, including the recourse obligations of the mezzanine borrower (USSM). A true and correct copy of the Mezz Loan Guaranty ("Mezz Guaranty"), dated May 8, 2018, is incorporated by reference in the Amended Complaint and attached hereto as Exhibit D.

7. As is fully addressed in the corresponding memorandum of law, Lender has sufficiently pleaded the allegations in the Amended Complaint to survive Ashkenazy's Motion. Accordingly, Lender respectfully requests that the Court deny Ashkenazy's Motion in its entirety.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed this 12th day of December, 2022

Michael Rebibo, Managing Principal
Rexmark Holdings LLC d/b/a Rexmark